UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joey Brandon Mabe, ) | Civil Action No.: 6:15-cv-02573-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Unit Manager F. Berrios, ) | |
| FCI Williamsburg, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding *pro se*, filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pending before the Court is Defendant Unit Manager F. Berrios' [ECF No. 40] amended motion to dismiss or, in the alternative, motion for summary judgment. The motion is before the court with the Report and Recommendation [ECF No. 56] of Magistrate Judge Kevin F. McDonald filed on January 26, 2017.[1] The Magistrate Judge recommended that Defendant's motion for summary judgment be granted and this case dismissed. Plaintiff timely filed objections [ECF No. 59] to the Magistrate Judge's Report and Recommendation on February 13, 2017.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may

---

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2).

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

Plaintiff alleges his due process rights were violated when he lost his telephone privileges for 45 days after being sanctioned for a violation of Inmate Discipline Code 328, Giving Money or Anything of Value to, or Accepting Money or Anything of Value From, an Inmate or Any Person without Staff Authorization.[2] The Magistrate Judge recommended granting Defendant's motion for summary judgment finding that Plaintiff's loss of telephone privileges did not amount to a deprivation of a life, liberty, or property interest such that it would trigger the due process protections and procedures recognized in *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Magistrate Judge also found that even if Plaintiff was entitled to the due process procedures explained in *Wolff*, Defendant would be entitled to summary judgment because the requirements of *Wolff* were observed

---

[2] Plaintiff was also initially sanctioned for a violation of Inmate Discipline Code 397, Use of Telephone for Abuses Other than Criminal Activity. That violation, however, was dismissed following a rehearing by the Unit Discipline Committee ("UDC").

3

in this case. The Magistrate Judge also found that Defendant Berrios was entitled to qualified immunity because there was no deprivation of Plaintiff's constitutional rights.

Plaintiff's objections to the Magistrate Judge's Report and Recommendation do not address the Magistrate Judge's conclusion that Plaintiff's loss of telephone privileges for 45 days did not amount to a deprivation of a life, liberty, or property interest that would trigger due process procedures. Having reviewed the cases relied on by the Magistrate Judge on this issue, the Court agrees with the Magistrate Judge that the loss of telephone privileges for 45 days does not amount to a constitutional violation. *See U.S. v. Alkire*, No. 95–7885, 1996 WL 166400, at * 1 (4th Cir. Apr.10, 1996) (no constitutional right to the use of a telephone in prison); *Hadley v. Peters*, No. 94-1267, 1995 WL 675990, at *8 (7th Cir.1995) ("The denial of telephone privileges for ten days is not a matter of constitutional dimension."); *Joyner v. Ozmint*, C.A. No. 3:09-2524- DCN-JRM, 2010 WL 3783167, at *4 (D.S.C. Sept. 22, 2010) (no protected life, liberty, or property interest in using telephone); *May v. Baldwin*, 895 F. Supp. 1398, 1409 (D. Ore.1995) (brief suspension of television and telephone privilege does not amount to constitutional violation).

Assuming arguendo that the loss of telephone privileges for 45 days triggered the due process protections set forth in *Wolff*, Defendant would still be entitled to summary judgment. As indicated by the Magistrate Judge, the requirements of *Wolff* were met in this case. In *Wolff*, the United States Supreme Court held that a prisoner has certain procedural due process rights during a prison disciplinary proceeding that may result in the loss of accrued good-time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Specifically, *Wolff* requires: (1) at least 24 hours advance written notice of the charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the fact-finder as to the reason for disciplinary action taken; (4)

an opportunity to call witnesses and present documentary evidence, if institutional safety will not be jeopardized; (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing tribunal. *See Wolff*, 418 U.S. at 563-71.

Plaintiff's objections generally charge that his due process rights were violated because his hearing tribunal was not impartial. Plaintiff's conclusory allegation, however, is insufficient to demonstrate a biased hearing tribunal. More importantly, Plaintiff's original sanction was a 120 day loss of telephone privileges. On his first appeal and rehearing, Plaintiff's sanction was reduced to a 45 day loss of telephone privileges. On his second rehearing, Plaintiff's charge for violating Inmate Discipline Code 397 was dismissed. Plaintiff's claims of a biased hearing panel are not supported by the record and are contradicted by the results of his various appeals.

In summary, the Court finds that Plaintiff's loss of telephone privileges for 45 days does not implicate a life, liberty, or property interest such that the protections of the due process clause, as set forth in *Wolff*, are triggered. Even if they were, Plaintiff's claim fails because the requirements of *Wolff* were met in this case as detailed by the Magistrate Judge on pages 11 through 12 of the Report and Recommendation. Defendant Berrios is also entitled to qualified immunity because Plaintiff has failed to demonstrate a violation of his constitutional rights. For those reasons, Defendant Berrios is entitled to summary judgment.

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit. The

court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 56] of the Magistrate Judge.

Accordingly, Defendant's [ECF No. 40] motion for summary judgment is **GRANTED** and the Plaintiff's claims brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) are hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

March 27, 2017                                          s/ R. Bryan Harwell
Florence, South Carolina                         R. Bryan Harwell
                                                                United States District Judge